EIMER & AMEND v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. February 16, 1909.)

No. 138 (4,963).

CUSTOMS DUTIES (§ 25*)—CLASSIFICATION—BLOWN GLASS FLASKS—"BOTTLES"—"BLOWN GLASSWARE."

The term "bottles," in Tariff Act July 24, 1897, c. 11, § 1, Schedule B, par. 99. 30 Stat. 156 (U. S. Comp. St. 1901, p. 1633), has a meaning that excludes blown glass flasks for chemical laboratories. Such articles are dutiable under paragraph 100, 30 Stat. 157 (U. S. Comp. St. 1901, p. 1633), as "blown glassware."

[Ed. Note.—For other cases, see Customs Duties, Cent. Dig. § 46; Dec. Dig. § 25.*

For other definitions, see Words and Phrases, vol. 1, pp. 812–848; vol. 8, pp. 7591, 7592.]

Appeal from the Circuit Court of the United States for the Southern District of New York.

This cause comes here upon appeal from a decision of the Circuit Court, affirming a decision of the Board of General Appraisers, which sustained the action of the collector in classifying for duty certain importations under Tariff Act July 24, 1897, c. 11, 30 Stat. 151 (U. S. Comp. St. 1901, p. 1626).

Walden & Webster (Henry J. Webster, of counsel), for appellants.
D. Frank Lloyd, Asst. U. S. Atty.

Before LACOMBE, COXE, and WARD, Circuit Judges.

LACOMBE, Circuit Judge.   The articles imported are chemical glassware, consisting of thin blown glass vessels, such as Joliet's flasks, $CO_2$ flasks, etc., designed for use in chemical laboratories.   The collector classified them for duty under—

"Par. 100. Glass bottles, decanters, or other vessels or articles of glass, cut, engraved, painted, colored, stained, silvered, gilded, etched, frosted, printed in any manner or otherwise ornamented, decorated, or ground (except such grinding as is necessary for fitting stoppers), and any articles of which such glass is the component material of chief value, and porcelain, opal and other blown glassware; all of the foregoing filled or unfilled, and whether their contents be dutiable or free, sixty per centum ad valorem."

The importer contends that they should be classified under—

"Par. 99. Plain green or colored, molded or pressed, and flint, lime, or lead glass bottles, vials, jars, and covered or uncovered demijohns and carboys, any of the foregoing, filled or unfilled, not otherwise specifically provided for, and whether their contents be dutiable or free, (except such as contain merchandise subject to an ad valorem rate of duty, or to a rate of duty based in whole or in part upon the value thereof, which shall be dutiable at the rate applicable to their contents) shall pay duty as follows: If holding more than one pint, one cent per pound; if holding not more than one pint, and not less than one-fourth of a pint, one and one-half cents per pound; if holding less than one-fourth of a pint, fifty cents per gross: Provided, that none of the above articles shall pay a less rate of duty than forty per centum ad valorem."

The articles are in fact blown glassware.   The importers put in some evidence, which is vague and unpersuasive, to the effect that they were blown in a mold.   We do not decide this case, however, on any insufficiency of proof.   If it were conclusively shown that each one of these variously shaped flasks had been blown in a mold, it would not follow that they were "bottles, vials, jars, demijohns or carboys" and thus entitled to classification under paragraph 99.   The word "bottle" has a tariff meaning which does not include these articles.   "Chemical glassware" was provided for eo nomine in Tariff Act March 3, 1883, c. 121, par. 142, 22 Stat. 497, and in Tariff Act Oct. 1, 1890, c. 1244, § 1, Schedule B, par. 107, 26 Stat. 572.   In Act Aug. 27, 1894, c. 349, 28 Stat. 509, there was no provision for chemical glassware; but paragraph 88 provided, not only for glass bottles, but also for "molded or pressed green and colored and flint or lime bottle glassware."   This last phrase is descriptive of the articles in question.   They were held dutiable under that paragraph in Eimer v. United States (C. C.) 99 Fed. 423, where the court said:

"The expression 'bottle glassware' is broader than glass bottles, and seems to cover something different from mere bottles used as containers.   These bottle-shaped receptacles come within that description and seem to be included by it."

In the act of 1894 there was no provision for blown glassware.   In the present act "blown glassware" is included in paragraph 100, and the "molded * * * bottle glassware" of 1894 is omitted from the new paragraph 99.   It would seem to be the natural conclusion that

Congress intended that these articles should no longer be grouped with "bottles," but should be included in the larger group, "other blown glassware."

The decision is affirmed.